UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BETHANY LUTHERAN MINISTRIES, d/b/a Warsaw Meadows Care Center, <br><br> Plaintiff <br><br> vs. <br><br> CRA CAMBRIDGE ACQUISITIONS, LLC, <br><br> Defendant | CAUSE NO. 3:08-CV-511 RM |

OPINION and ORDER

CRA Cambridge Acquisitions, LLC, filed its initial Notice of Removal on October 31, 2008, and following review of the notice, the court determined that the notice didn't properly assert jurisdiction. On November 7, CRA was afforded twenty days to amend its removal notice. CRA filed an amended notice on November 20, in which it alleged diversity jurisdiction pursuant to 28 U.S.C. § 1332, but because CRA's allegation of the plaintiff's citizenship was insufficient to establish diversity jurisdiction, the action was remanded to the Kosciusko Circuit Court. A certified copy of the remand order was forwarded to the state court on November 24.

On November 26, CRA filed a motion for reconsideration of the remand order. CRA doesn't specify the procedural basis for its motion or submit any legal authority for its request, but argues that because the twenty day period it was afforded on November 7 to properly allege jurisdiction hadn't passed when it filed

its second amended notice (on November 26), the court should permit removal based on the allegations of the second amended removal notice.

28 U.S.C. § 1447(d) provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise," so once a case is remanded to state court, "the district court disassociates itself from the case entirely, retaining nothing of the matter on the federal court's docket." Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 714 (1996). "Without § 1447(d), a party to a state action could remove the action to federal court, await remand, request reconsideration of the remand, appeal, request rehearing, and then file a petition for a writ of certiorari, all before force to return to state court several years later. . . . To avoid this delay, Congress has fashioned an exception to the general rule of review, and made a district court's initial determination that removal was inappropriate a nonreviewable one." Hudson United Bank v. LiTenda Mortgage Corp., 142 F.3d 151, 156-157 (3d Cir. 1990).

This court is without jurisdiction to reconsider the remand decision. CRA's motion for reconsideration of the November 24, 2008 order remanding this action to the Kosciusko Circuit Court [docket # 13] is DENIED. *See* Consolidated Doors, Inc. v. Mid-America Door Co., 120 F. Supp. 2d 759, 765 (E.D. Wis. 2000) ("Reversing a remand order, whether on reconsideration or on appeal, would require the federal court to intrude upon the operation of a branch of state government. This is particularly true where, as here, the state court has already received a certified copy of the remand order."); City of Valparaiso, Ind. v. Iron

Workers Local Union No. 395, 118 F.R.D. 466, 468 (N.D. Ind. 1987) ("[I]t is universally held that once a federal district court remands a case and mails a certified copy of its order to the state court, the district court loses all jurisdiction, even if it later changes its mind.").

SO ORDERED.

ENTERED:   December 15, 2008   

  /s/ Robert L. Miller, Jr.   
Chief Judge
United States District Court